**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRIGGETT CHARMAIN PHELPS,

    Plaintiff

v.

RENO POLICE DEPARTMENT, et al.,

    Defendants

Case No.: 3:26-cv-00166-ART-CSD

**Order**

Re: ECF Nos. 1, 1-1, 3, 4, 5, 6

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1), along with several other documents, including letters, a complaint and an "explanation to complaint" (ECF Nos. 3, 4, 5, 6).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint -- which spans at least three separate documents[1] -- names the Reno Housing Authority, Reno and Sparks Police Departments, "Urban Housing Development," and "Nevada social security." Plaintiff asserts that RHA engages in unlawful segregation in federally funded housing subsidies, that police have been "gangstalking" her and have filed false charges

---

[1] ECF No. 1-1 is the original complaint on the court's form, filed on March 10, 2026, ECF No. 3 – filed on March 10, 2026, is entitled "Explanation to Complaint," and ECF No. 4, filed on March 24, 2026, is entitled "Civil Complaint." The court believes it was Plaintiff's intent that all three of these documents comprise her complaint. (*See* ECF No. 4 at 4.) It is less clear whether Plaintiff's subsequent filings, letters dated April 21, 2026, and May 6, 2026, were intended to be part of the complaint. (ECF Nos. 5 & 6.)

against her, and that social security has withheld insurance premiums from her SSI checks despite the fact she does not have any insurance. Elsewhere in her complaint, Plaintiff makes complaints about her landlord and possibly about RHA's refusal to grant her a reasonable accommodation for her disability. All of Plaintiff's filings are filled with writing in the margins or other spaces not intended for writing and conclusory statements untethered to any facts.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim" showing Plaintiff is entitled to relief. Plaintiff's complaint, spanning three to five documents, is difficult to follow, jumbled, and frequently repetitive. The complaint cannot be screened as it stands, as it is not possible to discern what claims Plaintiff is asserting against which defendants.[2] The court will therefore give Plaintiff an opportunity to amend her complaint to clearly and concisely set forth in a <u>single document</u> the facts on which her complaint is based, the defendants she wishes to sue, and the claims she would like to pursue against each defendant.

In amending the complaint, Plaintiff should make every effort to edit and condense the factual and legal allegations therein to comply with Rule 8's directive.

Plaintiff will have **30 days** from the date of this Order to file an amended complaint in a single document clearly and concisely identifying the defendants, her claims, and the facts on which her claims are based. If Plaintiff fails to file an amended complaint, the court may recommend dismissal of this action without prejudice.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

---

[2] *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITHOUT PREJUDICE**.

(4) The Clerk shall SEND Plaintiff a copy of the instructions and form for a complaint for a civil case.

(5) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT" and include this case number in the caption. The amended complaint shall be one document only. If Plaintiff fails to file an amended complaint within 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: July 9, 2026

_____
Craig S. Denney
United States Magistrate Judge