UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIGGETT CHARMAIN PHELPS,<br>Plaintiff,<br>v.<br>RENO POLICE DEPARTMENT, et al.,<br>Defendants. | Case No. 3:26-cv-00166-ART-CSD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 10) |

*Pro se* Plaintiff Briggett Charmain Phelps initiated this action on March 9, 2026. (ECF No. 1). Phelps brings claims against the Reno Housing Authority, Reno and Sparks Police Departments, "Nevada Social Security," "California State Whistleblower," "Nevada Social Services," and "Nevada Sex Offender Registry." (ECF No. 1-1). The complaint and Phelps' application to proceed in forma pauperis were screened by Magistrate Judge Denney (ECF No. 7).

Judge Denney dismissed Phelps' complaint without prejudice, because the allegations were conclusory, "difficult to follow, jumbled, and frequently repetitive." *Id.* at 4. Phelps' complaint also spanned at least three, if not five, separate documents. (*See* ECF Nos. 1-1, 3, 4, 5, 6). She was provided 30 days to file an amended complaint and directed to concisely set forth the facts, claims, and parties involved in a single document. (ECF No. 7 at 4–5). Phelps subsequently filed a new complaint (ECF No. 8) and "addendum to complaint" (ECF No. 9) in July 2026.

The complaint was again screened by Judge Denney, who recommended in his Report and Recommendation ("R&R") that the Court dismiss the action without prejudice. (ECF No. 10). Judge Denney found that Phelps failed to file an amended complaint in compliance with the Court's order, because she filed multiple documents with allegations that did not stand independently of the

previously dismissed claims. *Id.* The R&R stated that Phelps had two weeks after service of the document to file any objections. *Id.* Notice of the R&R was mailed to Phelps but returned as undeliverable. (ECF No. 11). The Court then issued an order requesting Phelps to provide the Court with an updated mailing address and to file any objection to the R&R by October 19, 2026. (ECF No. 12). Phelps filed a notice of address but did not file any objections.

Magistrate judges are empowered to issue reports and recommendations on dispositive issues, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1). Parties have fourteen days from being served with an R&R to provide written objections. *Id.* Where no party objects in that period, the district court is not required to perform any review of the magistrate judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Phelps did not object to Judge Denney's recommendation within the statutory fourteen-day period, and the time to do so has now expired. She was aware of the R&R, given that the order requesting her address (which she filed) also addressed the R&R and provided her with an extended deadline to file any objection. Moreover, the Court agrees with Judge Denney's reasoning.

It is therefore ordered that the R&R (ECF No. 10) is ADOPTED.

It is further ordered that this action is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is kindly instructed to CLOSE this case accordingly.

Dated this 23rd day of October 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE